**[J-77-2025] [MO: McCaffery, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, OFFICE OF ATTORNEY GENERAL, BY ATTORNEY GENERAL DAVID W. SUNDAY, JR. | : : : : : : : | No. 32 WAP 2024<br><br>Appeal from the Order of the Commonwealth Court entered July 3, 2024, at No. 861 CD 2023, Affirming the Order of the Court of Common Pleas of Allegheny County entered August 1, 2023, at No. GD-20-9374. |
| v. | : : : | |
| GILLECE SERVICES, L.P., D/B/A GILLECE PLUMBING, HEATING, COOLING, AND ELECTRICAL, INC., GILLECE PLUMBING AND HEATING, INC., ROOTER-MEDIC, ELECTRIC MEDIC, GILLECE PLUMBING AND HEATING, INC.,THOMAS J. GILLECE, INDIVIDUALLY AND AS OWNER OF GILLECE SERVICES, L.P., GILLECE ENERGY, L.P., AND GILLECE PLUMBING AND HEATING, INC., JAMES F. HACKWELDER, INDIVIDUALLY AND AS FIELD SUPERVISOR FOR GILLECE SERVICES, L.P., AND JOSEPH NIKOULA, INDIVIDUALLY AND AS FIELD SUPERVISOR FOR GILLECE SERVICES, L.P. | : : : : : : : : : : : : : : : : : : : : : : : : | ARGUED: October 7, 2025 |
| APPEAL OF: GILLECE SERVICES, L.P., D/B/A GILLECE PLUMBING, HEATING, COOLING, AND ELECTRICAL, INC., GILLECE PLUMBING AND HEATING, INC., AND THOMAS J. GILLECE | : : : : : : | |

**<u>CONCURRING OPINION</u>**

JUSTICE BROBSON                              DECIDED:  APRIL 30, 2026

I join the Majority in full.  I write separately to further emphasize the purpose of the Unfair Trade Practices and Consumer Protection Law (UTPCPL)[1] and the Home Improvement Consumer Protection Act (HICPA)[2] and to note that Gillece Services, L.P., its General Partner, Gillece Plumbing and Heating, Inc., and Thomas J. Gillece (collectively, Gillece) could have avoided this litigation entirely had they operated with the interests of their consumers in mind.  The Majority correctly notes that Gillece's proposed interpretation of the UTPCPL and HICPA would subvert the purpose of those statutes, which both serve to protect consumers.  (*See* Majority Op. at 13.)  Gillece had knowledge that their consumers desired to cancel work contracts, but instead of simply honoring those cancellation requests or providing their consumers with further written forms to document the cancellation, Gillece rushed to perform unwanted work.   Gillece then attempted to utilize the UTPCPL's requirement that a consumer provide a seller with written notice of cancellation as a sword against their consumers when, through its intended purpose, the UTPCPL acts as a shield that "aims to protect the consumers of the Commonwealth against fraud and unfair or deceptive business practices." *Commonwealth v. Chesapeake Energy Corp.*, 247 A.3d 934, 936 (Pa. 2021) (quoting *Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1023 (Pa. 2018)).  In fact, the written requirement in the UTPCPL also acts, in a way, to protect sellers by creating a clear record that a consumer did, in fact, cancel a transaction.

Today the Majority correctly determines that sellers, like Gillece, must honor a consumer's oral request to cancel a contract that falls under the ambit of HICPA.  It would, nevertheless, remain best practice for parties to formalize the cancellation of a home

_____

[1] Act of December 17, 1968, P.L. 1224, reenacted by the Act of November 24, 1976, *as amended*, 73 P.S. §§ 201-1 to -10.

[2] Act of October 17, 2008, P.L. 1645, *as amended*, 73 P.S. §§ 517.1 to .19.

improvement contract in writing. Rather than working against their consumers, businesses should, after honoring an oral request for cancellation by not moving forward with the contracted-for work, simply ask the consumers to document the cancellations in writing.

Justices Donohue and Mundy join this concurring opinion.